**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Nogin, Inc., *et al.,* | ) ) | Case No. 23-11945 (CTG) |
| Debtors.[1] | ) ) ) | (Jointly Administered) |
|  | ) | Re: Docket No. 266 |

**ORDER PURSUANT TO SECTION 363 OF THE BANKRUPTCY CODE (I) AUTHORIZING THE PRIVATE SALE OF CERTAIN OF DEBTORS' ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of Nogin, Inc. and its debtor affiliates (collectively, the "**Debtors**") in the above-captioned Chapter 11 cases (the "**Chapter 11 Cases**") for entry of an order (this "**Order**"), pursuant to section 363 of the Bankruptcy Code, Bankruptcy Rule 6004, and Local Rule 6004-1, (i) approving the private sale of the Acquired Assets free and clear of liens, claims, and encumbrances, and (ii) granting related relief, all as more fully described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided as set forth therein; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification number are: Nogin, Inc. (0703); Nogin Commerce, Inc. (0719); Native Brands Group LLC (0504). The mailing address for the Debtors is 105 E. 34th St., Suite 137, New York, NY 10016.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

need be provided; and the Court having reviewed the Motion and the Chiu Declaration; and the Court having held a hearing, if necessary, to consider the relief requested in the Motion (the "**Hearing**"); and upon the record at the Hearing, if any; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. Any and all objections, if any, to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections are hereby overruled on the merits with prejudice.

3. Based upon the record before the Court, the Purchaser's offer for the Acquired Assets is the highest or otherwise best offer for the Acquired Assets.

4. The Purchase Agreement, substantially in the form attached hereto as Exhibit 1, and all other ancillary documents and all of the terms and conditions thereof, including, without limitation the Premises Access Agreement, substantially in the form attached hereto as Exhibit 2, are hereby approved.

5. The Debtors are authorized to execute and deliver, as well as perform under, and consummate, the Purchase Agreement, together with all additional instruments and documents, including the Premises Access Agreement, that may be reasonably necessary to consummate the sale of the Acquired Assets.

6. The conditions of section 363(f) of the Bankruptcy Code have been satisfied; therefore, the Debtors may sell the Acquired Assets free and clear of any liens, claims, encumbrances and other interests.

7. Pursuant to section 363(f) of the Bankruptcy Code, upon the consummation of the sale, the Acquired Assets (and good and marketable title to the same) and all of the Debtors' rights, title, and interest therein shall be transferred to the Purchaser free and clear of all liens, with all such liens, if any, attaching to the proceeds of the sale in the order of their priority, with the same validity, force and effect which they now have as against the Acquired Assets subject to any claims and defenses, setoffs, or rights of recoupment the Debtors may possess with respect thereto. Pursuant to Section 5.3.4 of that certain Senior Secured Super-Priority Debtor-in-Possession Loan and Security Agreement dated December 7, 2023 (the "**Credit Agreement**"), the net proceeds of the sale shall be used to pay down the Obligations of the Credit Agreement (as defined therein).

8. The sale of the Acquired Assets to the Purchaser constitutes a legal, valid, and effective sale, and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Acquired Assets.

9. The Purchaser shall not be deemed to be a successor of the Debtors (and the Purchaser expressly has disclaimed any such liability with respect to the Debtors). Accordingly, the Purchaser shall have no successor or vicarious liability of any kind with respect to the Acquired Assets, and all persons and entities shall be hereby enjoined from asserting any such claims against the Purchaser on account of the Acquired Assets.

10. The contemplated sale of the Acquired Assets has been undertaken by the Purchaser and the Debtors at arm's-length and without collusion, and the Purchaser will acquire

the Acquired Assets pursuant to the Purchase Agreement in good faith under section 363(m) of the Bankruptcy Code and is and shall be entitled to all of the protections in accordance therewith.

11. The Purchase Agreement may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors or their estates.

12. The terms an provisions of this Order shall be binding in all respects upon the Debtors, their estates, creditors, holders of claims and/or equity interests against or in the Debtors, any holders of liens, claims, encumbrances or interests against or on all or any portion of the Acquired Assets, the Purchaser and all of its successors and assigns, any trustees, if any, subsequently appointed in the Chapter 11 Cases or upon a conversion to chapter 7 under the Bankruptcy Code of the Chapter 11 Cases.

13. The fourteen day stay contemplated by Bankruptcy Rule 6004(h) is hereby waived, and the parties are authorized to implement immediately the relief granted by this Order.

14. The Debtors and the Purchaser are authorized and empowered to take all actions necessary to implement the relief granted by this Order.

15. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Order.

Dated: February 13th, 2024  
Wilmington, Delaware

CRAIG T. GOLDBLATT  
UNITED STATES BANKRUPTCY JUDGE

RLF1 30570946v.1